IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW DOMANN, individually and
on behalf of all other similarly situated,

Plaintiff,

v.

SUMMIT CREDIT UNION,

Defendant.

ORDER

18-cv-167-slc

The parties in this class action have consented to magistrate judge jurisdiction. The lead law firm for defendant is Katten Muchin Rosenman LLP, through its Century Park (Los Angeles) office. At the June 19, 2018 unrecorded telephonic preliminary pretrial conference, I advised the parties that my daughter, Sarah C. Crocker, had been a first year associate at Katten's Chicago office and will be returning to that office in 2019 at the conclusion of a judicial clerkship. I told the parties that I would research the need for recusal and report on the record. I conclude that recusal is not required in this case.

As interpreted by the Judicial Conference Committee on Codes of Conduct, Canon 3C(1)(d)(ii) and (iii) of the Code of Conduct for United States Judges–which mirrors portions of 28 U.S.C. §455–would require me to recuse myself if my daughter were acting as a lawyer in this proceeding or was an equity partner at the Katten law firm. Neither of these things is true, so recusal is not mandated.

The Committee then cautions that a judge must be mindful of Canon 2A, which directs that a judge should act at all times in a manner that "promotes public confidence in the integrity and impartiality of the judiciary" as well as the general command of Canon 3C(1)–which also mirrors §455–that a judge should recuse in a proceeding in which the "judge's impartiality might reasonably be questioned." In light of the facts that my daughter isn't currently working at the Katten firm, that when she returns she will be working in the Chicago office, which to my

knowledge has no involvement in this case, that she easily can be walled off from this case, and that I can assert without reservation that my daughter's employment at Katten will have absolutely no effect on how I handle this lawsuit, I see no basis for anyone reasonably to question my impartiality.

This is the consistent position taken by other judges in the few cases that address this particular fact pattern. *See, e.g., Faith Temple Church v. Town of Brighton*, 348 F.Supp.2d 18, (W.D.N.Y. 2004) (judge denies request to recuse himself after judge's son accepts an employment offer from the law firm representing plaintiff); *In re Mercedes-Benz Antitrust Litigation*, 226 F.Supp.2d 552 (D.N.J. 2002)(judge determines that he is not required to recuse himself when his son is promoted to non-equity partner in the law firm representing plaintiff); *Cloverdale Equip. Co. v. Manitowoc Engineering Co.*, 964 F.Supp. 1152 (E.D. Mich. 1997) (judge declines to recuse himself when his son is a junior associate at one of the law firms representing the defendant).

So, having carefully considered the statutes, canons and case law, I conclude that I am not required to recuse myself from this case, that my impartiality cannot be reasonably questioned, and that continuing to preside over this case does not undermine public confidence in the integrity and impartiality of the judiciary.

If any party wishes to move for reconsideration or file an affidavit pursuant to 28 U.S.C. §144, the deadline is July 30, 2018.

Entered this 9th day of July, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge