IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW DOMANN,
Individually, and on behalf of
others similarly situated,

        Plaintiffs,

v.

SUMMIT CREDIT UNION, and
DOES 1-100,

        Defendants.

ORDER

18-cv-167-wmc

---

In a prior opinion and order, the court preliminarily approved the parties' proposed class settlement, directed distribution of a court-approved notice, and set this case for a fairness hearing on April 13, 2020. (1/7/20 Op. & Order (dkt. #71).) The court is now in receipt of plaintiff's motion for attorney fees, costs and class representative incentive award (dkt. #72), as well as plaintiff's motion for final approval of the settlement agreement (dkt. #74). For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #71) and provided on the record during the fairness hearing, the court will give final approval of the settlement terms and approve an award of attorneys' fees and costs.

OPINION

I. Settlement

Individually, and on behalf of other similarly situated members of Summit Credit Union, plaintiff Matthew Domann alleges that defendant breached certain account agreements with its members by imposing overdraft fees based on their "available balance," a subset of the money actually in their account (the "actual balance," sometimes also called

the "ledger balance") from which money was deducted by placing holds on funds earmarked for pending, but not-yet-posted transactions. Domann further alleges that defendant violated Regulation E of the Electronic Funds Transfer Act, 12 C.F.R. § 1005.17, by enrolling credit union members in its overdraft program for subject transactions without first making a complete and valid disclosure of the terms of the program and then obtaining their affirmative consent. Finally, for business account class members, Domann alleges that defendant violated its own contract terms by charging overdraft fees without first obtaining an affirmative opt-in by the business account holder.

The court previously certified a class action under Federal Rule of Civil Procedure Rule 23 consisting of two defined sub-classes: the "Consumer Sufficient Account Class" and the "Business Account Class." (Dkt. #71.) At that time, the court also preliminarily approved the parties' settlement agreement and directed distribution of a court-approved notice.

Based on today's fairness hearing, the parties' written submissions, the lack of any objections, and the entire record in this case, the court concludes that the parties' settlement of plaintiff'' claims is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e). Specifically, as detailed in plaintiff's submissions, the notice program had a successful delivery rate of 99.3 percent, meaning that all but approximately 165 class members received notice, either by mail or email. Only one class member has opted out, and no class members have objected to the settlement. Of the lump sum settlement payment of $1 million, with no reversion to defendant, Business Account class members can expect to receive $17.49 for each $25 overdraft fee incurred during the relevant time period or approximately 70 percent of their actual damages. Consumer

Account Sufficient Funds class members can expect to receive $2.61 for each $25 fee incurred. Upon review of the parties' submission and this court's earlier ruling, the court is satisfied that the disparity in the award between subclass members accurately reflects the relative strengths of their remaining contract claims. In addition to these payments, defendant has also agreed as part of the settlement that is will for at least three years: (1) change its method for assessing overdraft fees to a method close to that sought by plaintiff in this lawsuit; and (2) improve its member disclosures to better explain how it determines whether to assess an overdraft fee on a transaction. Plaintiff's counsel estimates that these changes will result in a further net benefit to class members of approximately $1.2 million. For reasons set forth in its preliminary approval and discussed during today's hearing, the court reaffirms its previous finding that the settlement terms reflect a fair, reasonable and adequate compromise in light of the relative merits of the different claims, the costs of continued litigation, and the risk of no recovery at all. (Dkt. #71.)

In addition to the payouts to each individual class member, the settlement also provides for an individual award of $10,000 to the sole named plaintiff, Matthew Domann. The court finds that this award is reasonable in light of the named plaintiff's significant involvement in this litigation, including assisting in responding to discovery, attending depositions, and providing declarations in support of the class claims.

Finally, the court also approves payment of the costs of the claims administrator, which are estimated to be $43,427, but in no event will exceed $48,500.

## II. Attorneys' fees and costs

Also before the court is plaintiff's motion for attorneys' fees and costs, which the

court will similarly approve. (Dkt. #72.) Class counsel seeks $333,333 in fees, which is one-third of the Class Settlement Amount and the full amount allowed under the settlement agreement. While it is within the court's discretion to use either the lodestar method or percentage method in awarding attorneys' fees and costs for a class action, *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014), this court typically considers both.

Having reviewed Class Counsel's arguments in support of this award (dkt. #72), and the declarations of Attorneys Richard D. McCune and Taras Kick (dkt.#72-2 and 4, respectively), the court finds the fee request to be reasonable. Among other things, class Counsel expended resources litigating this matter over the past two years, including approximately 600 attorney and paralegal hours, which total approximately $388,336 if billed hourly. Moreover, class counsel points out that these records do not reflect the time that they are spending to seek approval of this settlement. Counsel also entered into an up front contract with the named plaintiff in which he agreed to a payment of 40 percent of the gross recovery plus costs. While not dispositive, the lower 33 percent award now sought by counsel is a further factor favoring its approval. In addition, an attorney fee award of one-third is consistent with awards in other consumer class actions regarding alleged improper overdraft fees. (Kick Dec. (dkt.#72-4) ¶ 6 (citing cases).) Finally, no class member has objected to the fee request, and the award does not even factor in the additional, prospective benefits conferred on class members (and new credit union members) for at least the next three years.

Utilizing the lodestar method as a cross-check, the fees are approximately 85 percent of what counsel could be awarded based on actual hours spent and standard rates, *not*

counting the additional $50,000 in fees that counsel anticipate they will incur for future work on this case. The fact that the lodestar method produces a "negative multiplier" is also a factor supporting the reasonableness of the fee request, given that courts have approved multipliers of five or more. *See, e.g., Johnson v. Meriter Health Servs. Employee Ret. Plan*, No. 10-CV-426-WMC, 2015 WL 13546111, at *6 (W.D. Wis. Jan. 5, 2015) (approving attorney fee request of twice the lodestar value); *Williams v. Rohm & Haas Pension Plan*, No. 04-0078-SEB, 2010 WL 4723725 (S.D. Ind. Nov. 12, 2010), *aff'd*, 658 F.3d 629 (7th Cir. 2011) (awarding fees of $43.5 million, representing 5.85 multiplier). Given the work that Class Counsel expended on discovery, hiring an expert, and engaging in settlement negotiations, the factual and legal uncertainties regarding plaintiff's claims, the market rates, the lodestar cross-check, the absence of objections, and awards for similar Rule 23 class actions, plaintiff's request for $333,333 in attorney's fees is reasonable.

The court further finds Class Counsel's request for reimbursement of actual costs in the amount of $45,000 to be reasonable. Class Counsel represent that their actual costs on behalf of class members will exceed $60,000, but they agreed in the settlement to cap their costs at $45,000. Although not itemized in detail, the costs described by counsel are justified and reasonable. (McHune Dec. (dkt. #72-2) ¶ 21.) Accordingly, the court will award costs in the amount of $45,000.

Accordingly, the court will grant plaintiff's fee petition and award $378,333 in attorneys' fees and costs.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for final approval of settlement agreement (dkt. #74) is GRANTED and the parties are directed to carry out its terms and provisions.

2) Plaintiff's motion for attorney fees and costs (dkt. #72) is GRANTED in the requested amount of $378,333.00.

3) Settlement payments, including the $10,000.00 payment to the named plaintiff and actual administrator's costs not to exceed $48,500, are also APPROVED.

4) This action is DISMISSED with prejudice and without further costs.

5) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 13th day of April, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge